IN THE EASTERN DISTRICT OF MISSOURI
UNITED STATES OF AMERICA

| | | |
|---|---|---|
| JASON SCHNEIDER and | ) | |
| KIMECHA SCHNEIDER | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| QUANTUM FREIGHT, LLC | ) | Division: |
| Serve: | ) | |
| **Registered Agent:** | ) | |
| **Rishi Puri** | ) | |
| **194 W Benedict Street** | ) | |
| **San Bernardino, CA 92408** | ) | |
| | ) | |
| And | ) | |
| | ) | |
| TOMAS ALVAREZ | ) | |
| **Serve:** | ) | |
| **3023 Tucker Drive** | ) | |
| **San Antonio, TX 78222** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiffs Jason and Kimecha Schneider, by and through their undersigned

counsel, and for their cause of action against Defendants, Quantum Freight, LLC and Tomas

Alvarez, jointly and severally, states to the court as follows:

## GENERAL ALLEGATIONS

1.      Plaintiffs Jason and Kimecha Schneider are residents and citizens of the State of Missouri.

2.      Upon information and belief, Defendant Tomas Alvarez is a resident and citizen of the State of Missouri.

3.      At all times relevant herein, Defendant Quantum Freight, LLC, is a California company registered with the California Secretary of State, with its principal place of business located at 194 W Benedict Street, San Bernardino, CA 92408 and its registered agent located at 194 W Benedict Street, San Bernardino, CA 92408.

4.      This court has original jurisdiction over the matter and parties pursuant to 28 USC § 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000, exclusive of interest and costs.

5.      Plaintiff demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

6.      Defendant Quantum Freight, LLC owned and/or leased the 2016 Freightliner being operated by Defendant Tomas Alvarez at the time of the collision.

7.      At all times relevant to this case, Defendant Tomas Alvarez was an agent and/or employee (hereinafter to refer to statutory or otherwise) of Defendant Quantum Freight, LLC and was acting within the course and scope of his agency and/or employment.

8.      At the time of the collision referenced in this petition, Defendant Quantum Freight, LLC was registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

9.      At all times relevant, Defendant Quantum Freight, LLC was operating as an interstate commercial motor carrier.

10.     At all relevant times, Defendant Quantum Freight, LLC was operating as a for-hire motor carrier.

11.     At all relevant times, Defendant Quantum Freight, LLC was operating as a private (for property) motor carrier.

12.     At all times relevant herein and at the time of this crash, Defendant Quantum Freight, LLC was a commercial motor carrier engaged in interstate commerce, transporting goods, including building materials throughout the United States.

13.     At all times relevant herein and at the time of this crash, Defendant Quantum Freight, LLC was acting individually and through its drivers, agents, servants, joint venturers, and/or employees, each of whom were acting within the course and scope of  their employment with Defendant Quantum Freight, LLC.

14.     At all times relevant herein and at the time of this crash, Defendant Tomas Alvarez was operating a tractor-trailer truck in the course and scope of his employment and agency with Defendant Quantum Freight, LLC.

15.     Defendant Quantum Freight, LLC is liable for all acts and omissions of Defendant Tomas Alvarez while she was operating the tractor-trailer truck within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

16.     Defendant Quantum Freight, LLC, and its agents, servants, employees, and drivers, including Defendant Tomas Alvarez, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

17.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers

and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer."  49 C.F.R. §390.5.

18.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety.  "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).  49 C.F.R. §390.5.

19.     At all times relevant to this case, Defendant Tomas Alvarez was a driver of the 2016 Freightliner, and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

20.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

21.     At all times relevant to this case, the tractor-trailer truck driven by Defendant Tomas Alvarez was a vehicle used upon the highways for transportation of property and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

22.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it.  49 C.F.R. §390.5.

23.     At all times relevant to this case, Defendant Quantum Freight, LLC was an "employer," as defined by the Motor Carrier Safety Regulations.

24.     At the time of this incident and at all times herein mentioned, Defendant Tomas Alvarez was operating a 2016 Freightliner as a driver for Defendant Quantum Freight, LLC.

25.     On or about July 28, 2019, at approximately 12:39 p.m., Plaintiff Kimecha Schneider was operating a 2018 Nissan Rogue on Eastbound Highway 44  in the left lane near its intersection with Route AF in Sullivan, MO., with Jason Kimecha as a front seat passenger.

26.     At that time and place, Plaintiff Kimecha Schneider came to a stop for traffic ahead in the left lane and a Ford Edge stopped behind her.

27.     Defendant Tomas Alvarez failed to come to a stop behind the Ford Edge and attempted to veer to the right to avoid the collision striking the right rear corner of the Ford Edge.

28.     Defendant Tomas Alvarez then traveled back into the left lane and crashed into the rear of Plaintiffs' vehicle pushing Plaintiffs' vehicle to the left off of the road into the guardrail.

29.     Eastbound Interstate 44 at the crash location is a much traveled, open, and publicly dedicated state roadway and thoroughfare in the State of Missouri.

30.     Plaintiffs Jason and Kimecha Schneider suffered and continue to suffer permanent and disabling injuries as a direct and proximate result of this incident.

31.     At the time of the crash, the truck operated by Defendant Tomas Alvarez bore the name of Defendant Quantum Freight, LLC as well as its DOT number and/or MC (operating authority) number.

32.     The negligence of Defendant Quantum Freight, LLC and/or Defendant Tomas Alvarez, directly and proximately, caused or contributed to cause injuries to Plaintiffs as described in greater detail herein.

33. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant Quantum Freight, LLC and its agents, servants, and employees, including Defendant Tomas Alvarez, Plaintiff Kimecha Schneider injured her neck, shoulders, low back and nose.

34. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant Quantum Freight, LLC and its agents, servants, and employees, including Defendant Tomas Alvarez, Plaintiff Jason Schneider injured his neck and low back.

35. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant Quantum Freight, LLC and its agents, servants, and employees, including Defendant Tomas Alvarez, Plaintiffs Jason and Kimecha Schneider have suffered pain and suffering and will continue to suffer.

36. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant Quantum Freight, LLC and its agents, servants, and employees, including Defendant Tomas Alvarez, Plaintiff Kimecha Schneider have incurred medical bills in excess of $386,000.00 and will continue to incur medical expenses related to the treatment of injuries sustained in the crash.

37. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant Quantum Freight, LLC and its agents, servants, and employees, including Defendant Tomas Alvarez, Plaintiff Jason Schneider has incurred medical bills in excess of $27,000.00 and will continue to incur medical expenses related to the treatment of injuries sustained in the crash.

## COUNT I
## NEGLIGENCE OF DEFENDANT TOMAS ALVAREZ

**COMES NOW** Plaintiffs Jason and Kimecha Schneider (hereinafter "Plaintiffs") and fully incorporate and re-allege each and every paragraph set forth above as if they were set forth herein and further states:

38.     At the time of this crash, Defendant Tomas Alvarez negligently operated the tractor-trailer truck that caused this incident on the above stated date and time by:

        a)     Driving too fast for conditions;

        b)     Failing to reduce speed to avoid a collision;

        c)     Failing to keep a proper lookout;

        d)     Failing to take proper remedial action which could have avoided this collision or minimized the impact;

        e)     Operating the tractor-trailer truck without adequate training and experience;

        f)     Operating the tractor-trailer truck when not properly qualified to do so;

        g)     Driving while tired and/or fatigued;

        i)     Driving while under the unsafe side-effects of prescription medication;

        j)     Driving overly aggressive;

        m)     Failing to stop her tractor-trailer truck, slacken her speed, swerve or sound a warning in an attempt to avoid colliding with Plaintiffs' vehicle, when he could and should have done so in the exercise of the highest degree of reasonable care;

        n)     Improper traffic lane usage.

39.     At least one of the negligent acts or omissions by Defendant Tomas Alvarez, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiffs.

40.     As a direct and proximate result of the negligence of Defendant Tomas Alvarez,

Plaintiffs were seriously injured as described herein and have sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

41.    Defendant Tomas Alvarez knew or should have known that his conduct as described herein created a high degree of probability of injury.

42.    Defendant Tomas Alvarez was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

43.    The operation of the tractor-trailer by Defendant Tomas Alvarez and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

44.    The conduct of Defendant Tomas Alvarez as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Petition, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

**WHEREFORE** Plaintiffs pray for judgment against Defendant Tomas Alvarez in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages,

and for such other relief this Court deems just and proper under the circumstances.

## COUNT II
## STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT QUANTUM FREIGHT, LLC

**COMES NOW** Plaintiffs and fully incorporate, and re-allege each and every paragraph set forth above as if they were set forth herein and further states:

45.     Based upon all aforementioned allegations, Defendant Quantum Freight, LLC are vicariously liable for the negligence of Defendant Tomas Alvarez based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiffs pray for judgment against Defendant Quantum Freight, LLC, in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT III
## VICARIOUS LIABILITY AGAINST DEFENDANT QUANTUM FREIGHT, LLC

**COMES NOW** Plaintiffs and fully incorporates and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

46.     At all times relevant, Defendant Tomas Alvarez was acting in the course and scope of her agency and/or employment with Defendant Quantum Freight, LLC.

47.     Based upon the prior allegations, Defendant Quantum Freight, LLC is vicariously liable for the negligence of Defendant Tomas Alvarez based upon the doctrines of agency and

respondeat superior.

**WHEREFORE** Plaintiffs pray for judgment against Defendant Quantum Freight, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>**COUNT IV**</u>
<u>**INDEPENDENT NEGLIGENCE AGAINST DEFENDANT QUANTUM FREIGHT, LLC**</u>

**COMES NOW** Plaintiffs incorporate and re-allege each and every paragraph set forth above as if they were set forth herein and further states:

48.     At all times relevant, Defendant Quantum Freight, LLC was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

49.     Throughout its existence, Defendant Quantum Freight, LLC has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

50.     As an interstate motor carrier, Defendant Quantum Freight, LLC has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

51.     The various safety regulations included within Parts 390 – 397, of which Defendant Quantum Freight, LLC had a duty to follow, include, but are not limited to, the following:

a.     Defendant Quantum Freight, LLC had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal

Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

b.  Defendant Quantum Freight, LLC  had a duty to not require or permit a driver, including Defendant Tomas Alvarez, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

c.  Defendant Quantum Freight, LLC had a duty to not allow or permit a driver, including Defendant Tomas Alvarez, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

d.  Defendant Quantum Freight, LLC had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390.  490 C.F.R. §390.13;

e.  Defendant Quantum Freight, LLC had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant Quantum Freight, LLC an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.  Defendant Quantum Freight, LLC had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.  Defendant Quantum Freight, LLC had an independent duty to obtain the motor

vehicle record of every driver it employs, including Defendant Tomas Alvarez, at least once every twelve months in determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle.  49 C.F.R. §391.25;

h.   Defendant Quantum Freight, LLC had an independent duty require each of its drivers, including Defendant Tomas Alvarez, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months.  49 C.F.R. §391.27;

i.   Defendant Quantum Freight, LLC had an independent duty to prohibit its employees, including Defendant Tomas Alvarez, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.   Defendant Quantum Freight, LLC had an independent duty to ensure that its drivers, including Defendant Tomas Alvarez, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

k.   Defendant Quantum Freight, LLC had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant Tomas Alvarez on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the

aforementioned crash.  40 C.F.R. §396.3.

52.     That Defendant Quantum Freight, LLC had a duty to comply with the Federal Motor Carrier Safety Regulations including the specific aforementioned regulations.

53.     That it is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

54.     That, at all times prior to the aforementioned collision, Defendant Quantum Freight, LLC failed to have in place an adequate safety program.

55.     As a result of its inadequate and/or inexistent safety program, Defendant Quantum Freight, LLC violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiffs.

56.     As a result of its inadequate and/or inexistent safety program, Defendant Quantum Freight, LLC allowed its drivers, including Defendant Tomas Alvarez, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiffs.

57.     That Defendant Quantum Freight, LLC's violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiffs.

58.     Defendant Quantum Freight, LLC was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

59.    Defendant Quantum Freight, LLC was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Tomas Alvarez, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

60.    As a direct and proximate result of the independent negligence of Defendant Quantum Freight, LLC, Plaintiffs were injured and sustained damages and will continue to be damaged in the manners previously described in this Petition.

61.    Defendant Quantum Freight, LLC knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiffs.

62.    The conduct of Defendant Quantum Freight, LLC as described herein, specifically including violations of Illinois state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

63.    Because of Defendant Quantum Freight, LLC's willful, wanton, and reckless behavior, and for its indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant , Quantum Freight, LLC and to deter others from similar conduct.

64.    Defendant Quantum Freight, LLC's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiffs described herein.

**WHEREFORE** Plaintiffs pray for judgment against Defendant Quantum Freight, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V

## DIRECT NEGLIGENCE AGAINST DEFENDANT QUANTUM FREIGHT, LLC BASED UPON NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiffs and incorporate and re-allege each and every paragraph set forth above as if they were fully incorporated herein and further states:

65.     At all times prior to the aforementioned collision, Defendant Quantum Freight, LLC had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

66.     Such duties include, but are not limited to:

a)     To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)     To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)     To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)      To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)      To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

f)      Ensure that its driver was physically qualified to operate a tractor-trailer truck and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)      Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

67.     Defendant Quantum Freight, LLC had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

68.     Defendant Tomas Alvarez was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

69.     That, because of Defendant Tomas Alvarez's aforementioned inadequacies, Defendant Quantum Freight, LLC should not have hired him to operate a commercial motor vehicle.

70.     That Defendant Quantum Freight, LLC knew, or through the exercise of ordinary

care should have known that Defendant Tomas Alvarez was unqualified to safely operate a commercial motor vehicle.

71.     That by failing to properly and adequately screen and investigate its drivers, including Defendant Tomas Alvarez, before and during employment, Defendant Quantum Freight, LLC,  violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

72.     Had Defendant Quantum Freight, LLC,  obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Tomas Alvarez was unqualified to safely operate a commercial motor vehicle.

73.     Defendant Tomas Alvarez's negligent actions on the day of the collision with Plaintiffs was consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

74.     Defendant Quantum Freight, LLC's actions and omissions in hiring Defendant Tomas Alvarez, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiffs resulting from the aforementioned motor vehicle collision.

75.     Defendant Quantum Freight, LLC's actions and omissions in hiring Defendant Tomas Alvarez, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

76.     Defendant Quantum Freight, LLC's willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public

and aggravated (punitive) damages are appropriate in this action in order to punish Defendant Quantum Freight, LLC,  and to deter others from similar conduct.

 **WHEREFORE** Plaintiffs pray for judgment against Defendant Quantum Freight, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.


**COUNT VI**

**DIRECT NEGLIGENCE AGAINST DEFENDANT QUANTUM FREIGHT, LLC BASED UPON NEGLIGENT TRAINING**

 **COMES NOW** Plaintiffs and incorporate and re-allege each and every paragraph set forth above as if they were fully incorporated herein and further states:

 77. Defendant Quantum Freight, LLC owed the general public, including Plaintiffs, a duty to properly train its drivers, including Defendant Tomas Alvarez, on the safe operation of a tractor-trailer.

 78. Defendant Quantum Freight, LLC failed to properly instruct Defendant Tomas Alvarez on the safe operation of a tractor-trailer.

 79. Defendant Quantum Freight, LLC owed the general public, including Plaintiffs, a duty to properly train its drivers, including Defendant Tomas Alvarez, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

 80. At all times prior to the aforementioned collision, Defendant Quantum Freight, LLC had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

81.     Such duties include, but are not limited to:

a)      To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

b)      To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503;

c)      To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

82.     Defendant Quantum Freight, LLC had a duty to properly instruct its drivers, including Defendant Tomas Alvarez on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

83.     Defendant Quantum Freight, LLC failed to properly instruct Defendant Tomas Alvarez on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

84.     Defendant Quantum Freight, LLC owed the general public, including Plaintiffs, a duty to provide ongoing safety courses to its drivers, including Defendant Tomas Alvarez.

85.     Defendant Quantum Freight, LLC failed to provide adequate continuing safety courses to Defendant Tomas Alvarez.

86.     Defendant Quantum Freight, LLC had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiffs, from the

unsafe operation of commercial motor vehicles by its drivers.

87.     Defendant Quantum Freight, LLC breached its duty to the general public, including the Plaintiffs, by its failing to properly train Defendant Tomas Alvarez, Defendant Quantum Freight, LLC's tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

88.     Based on Defendant Tomas Alvarez's driving history, inadequate experience, and training, Defendants Quantum Freight, knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

89.     That Defendant Quantum Freight, LLC was negligent in failing to properly train its drivers, including Defendant Tomas Alvarez, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

90.     That Defendant Quantum Freight, LLC was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

91.     That Defendant Tomas Alvarez's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant Quantum Freight, LLC failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

92.     These actions and omissions of Defendant Quantum Freight, LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

93.     Defendant Quantum Freight, LLC's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

94.     Plaintiffs' injuries were directly and proximately caused by Defendant Quantum Freight, LLC's breach of and failure to comply with its duty to properly train Defendant Tomas Alvarez, its tractor-trailer driver.

**WHEREFORE** Plaintiffs pray for judgment against Defendant Quantum Freight, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VIII
## DIRECT NEGLIGENCE AGAINST DEFENDANT QUANTUM FREIGHT, LLC BASED UPON NEGLIGENT SUPERVISION

**COMES NOW** Plaintiffs and incorporate and re-allege each and every paragraph set forth above as if they were fully incorporated in this count and further states:

95.     Defendant Quantum Freight, LLC,  owed the general public, including Plaintiffs, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

96.     Defendant Quantum Freight, LLC had a duty to not require or permit a driver, including Defendant Tomas Alvarez, to operate a commercial motor vehicle, while the driver's

ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

97.     Defendant Quantum Freight, LLC had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

98.     Defendant Quantum Freight, LLC had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer truck. 49 C.F.R. §391.41, 391.43.

99.     Defendant Quantum Freight, LLC had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51

100.    Defendant Quantum Freight, LLC had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

101.    Defendant Quantum Freight, LLC had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

102.    Defendant Quantum Freight, LLC had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

103.    Defendant Quantum Freight, LLC had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

104.    Defendant Quantum Freight, LLC breached its above listing duties to the

general public, including the Plaintiffs, by its failing to properly supervise Defendant Tomas Alvarez, Defendant Quantum Freight, LLC's tractor-trailer truck driver, who was unqualified, incompetent and should have been discharged prior to this crash.

105.     Based on Defendant Tomas Alvarez's driving history, lack of supervision and continued retention by his employer, Defendant Quantum Freight, LLC, knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

106.     These actions and omissions of Defendant Quantum Freight, LLC, relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

107.     Defendant Quantum Freight, LLC's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

108.     Plaintiffs injuries were directly and proximately caused by Defendant Quantum Freight, LLC's breach of and failure to comply with its duty to properly train Defendant Tomas Alvarez, its tractor-trailer truck driver.

**WHEREFORE** Plaintiffs pray for judgment against Defendant Quantum Freight, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT IX
## DIRECT NEGLIGENCE AGAINST DEFENDANT QUANTUM FREIGHT, LLC. BASED UPON NEGLIGENT ENTRUSTMENT

**COMES NOW** Plaintiffs and incorporate and re-allege each and every paragraph set forth above as if they were fully incorporated in this count and further states:

109.     Defendant Quantum Freight, LLC owed the general public, including Plaintiffs, a duty to continuously evaluate its drivers' performance, including through entrusting its tractor-trailer trucks to its drivers, and to discharge any careless, reckless or incompetent driver before he/she injured the public or property.

110.     Defendant Quantum Freight, LLC had a duty to not require or permit a driver, including Defendant Tomas Alvarez, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

111.     Defendant Quantum Freight, LLC had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

112.     Defendant Quantum Freight, LLC had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer truck. 49 C.F.R. §391.41, 391.43.

113.     Defendant Quantum Freight, LLC had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51

114.     Defendant Quantum Freight, LLC had a duty to maintain a driver investigation

history file for each driver it employs.  49 C.F.R. §391.53.

115.    Defendant Quantum Freight, LLC had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

116.    Defendant Quantum Freight, LLC had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

117.    Defendant Quantum Freight, LLC had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

118.    Defendant Quantum Freight, LLC breached its above listing duties to the general public, including the Plaintiffs, by entrusting its tractor-trailer truck to Defendant Tomas Alvarez, Defendant Quantum Freight, LLC's tractor-trailer truck driver, who was careless, reckless and incompetent and should have been discharged prior to this crash.

119.    Based on Defendant Tomas Alvarez's driving history, lack of supervision and continued retention by her employer, Defendant Quantum Freight, LLC,  knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

120.    These actions and omissions of Defendant Quantum Freight, LLC, relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

121.    Defendant Quantum Freight, LLC's willful, wanton, and reckless behavior, and

for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

122.    Plaintiffs' injuries were directly and proximately caused by Defendant Quantum Freight, LLC allowing Defendant Tomas Alvarez, its tractor-trailer truck driver, to operate its tractor-trailer truck when it knew, or reasonably should have known, that Defendant Tomas Alvarez was careless, reckless and incompetent.

**WHEREFORE** Plaintiffs pray for judgment against Defendant Quantum Freight, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

/s/ Deme E. Sotiriou
_____
Deme E. Sotiriou, MO #56611
Stephen R. Schultz, MO #59940
Joshua P. Myers, MO #56541
999 Executive Parkway, Suite 205
St. Louis, Missouri 63141
Telephone:  314-444-4444
Facsimile:  314-720-0744
E-mail: deme@schultzmyers.com
            stephen@schultzmyers.com